385 S.E.2d 910

**In the Matter of Robert E. BAUGHMAN,
Magistrate.**

**No. 18922.**

Supreme Court of Appeals of
West Virginia.

Oct. 19, 1989.

Charles Garten, Charleston, for Judicial Investigation Com'n.

Robert E. Holroyd, Johnston, Holroyd & Associates, Princeton, Dan C. Robinson, Chairman, Judicial Investigation Com'n, Huntington, for Baughman

NEELY, Justice:

Robert Baughman has been accused of using his position as a magistrate in Mercer County improperly to interfere in a domestic dispute.

▪ Because compliance with the *Judicial Code of Ethics* is of special concern to this Court and directly reflects upon the integrity of the judicial system we are elected to administer, *W.Va. Const.*, Art. 8, we reserve in every case the prerogative to make an independent inquiry into the factual record before us. *In re Pauley*, 173 W.Va. 228, 314 S.E.2d 391 (1983). However, we will generally defer to the factual findings below, unless there is some apparent irregularity in the proceedings, or the charged misconduct is especially serious. In this case, we adopt the factual findings of the Judicial Hearing Board, which heard the case below.

Magistrate Baughman's daughter, Jealene Baughman Gills Dean, was once married to Michael Gills, a deputy sheriff in Mercer County. The couple had two children. Under the divorce decree, Mrs. Dean had custody of the children and Mr. Gills had weekly visitation rights. Mrs. Dean and the children lived just down the street from Robert Baughman, in Princeton.

56

In February 1988, Mr. Gills went to Mrs. Dean's house to visit the children. Mr. Gills and Mrs. Dean argued, and Magistrate Baughman intervened on behalf of his daughter. Magistrate Baughman may have suggested that Mr. Gills should not visit the children.

After a cooling down, things erupted again in June 1988. Mr. Gills was to take the children during his vacation from 7 June to 14 June, beyond the time provided for in the custody decree. Mr. Gills took the children on 7 June. On 9 June, he called sheriff's deputy Randall Hill at the magistrate court. Magistrate Baughman was on duty and spoke to Mr. Gills. He offered the "friendly advice" that Mr. Gills return the children, or Mrs. Dean would seek a warrant for their return. The men argued. Mr. Gills then came to Magistrate Baughman's office, where they again argued, and Magistrate Baughman asked Mr. Gills to leave.

Mrs. Dean sought a warrant for the children's return. Magistrate Baughman thought it would be improper for him to issue the warrant himself. Instead, he called in an off-duty magistrate, Carlyle Thorn, who issued a warrant against Michael Gills for harboring a minor child. The next day, 10 June 1988, Mr. Gills's wife, Cathy Gills, had the same Magistrate Thorn issue a warrant against Mrs. Dean for telephone harassment. Mr. Gills and Mrs. Dean later agreed to seek dismissal of both charges, and did so.

Mr. Gills brought the matter before the Judicial Investigation Commission, which found there was probable cause that Magistrate Baughman had violated Canon 2 of the *Judicial Code of Ethics*. The Commission filed a complaint against Magistrate Baughman on 30 December 1988, which charged:

Magistrate Baughman has allowed his family and social relationships to influence his judicial conduct and judgment and ... he has lent the prestige of his office to advance the private interests of others, specifically the members of his immediate family.

The Judicial Investigation Commission also alleged that Magistrate Baughman used his friendship with Dan Hare, then Sheriff of Mercer County, to make life difficult for Mr. Gills. It was asserted that Magistrate Baughman had threatened to have Mr. Gills fired from his deputy sheriff's job and had arranged to deprive Mr. Gills of his police cruiser from time to time. The Judicial Hearing Board found these charges to be mere conjecture, unsupported by any direct testimony.

On 23 May 1989, the Judicial Hearing Board took evidence in the case against Magistrate Baughman, and issued findings of fact and a recommended disposition of the case. The Board unanimously recommended that the complaint against Magistrate Baughman be dismissed.

The Judicial Hearing Board opined, in its Conclusions of Law, that there was not clear and convincing evidence that Magistrate Baughman had acted improperly. The Magistrate's actions were the natural product of a father's concern for his daughter, and at no point did Magistrate Baughman threaten to use the power of his office to achieve unfair advantage.

■ This Court is in general agreement with the Board's interpretation of the facts in this case. It is unreasonable to expect a judge to cease being a concerned parent simply because he or she has assumed judicial office. Concern is acceptable; extortion is not. The questions, therefore, are: Did Magistrate Baughman's natural affection for his daughter lead him to act improperly? Did his actions create at least the appearance of impropriety? With some caution, we conclude that they did not.

■ Every citizen has the right to apply to a magistrate for a warrant under appropriate circumstances. And every father is justified in helping his daughter and grandchildren to procure the even-handed protection of the law. On the other hand, a magistrate is held to a higher standard of conduct than other citizens. He must avoid even the appearance of impropriety, but he need not stand idly by when his family are oppressed by others. However, a judge who chooses to act must proceed with caution, with an eye to the dignity of his office

and the power he has over others by virtue of his office.

Two facts of this case stand out: First, Magistrate Baughman had the sense to bring in another magistrate to issue the warrant against Mr. Gills. We have no doubt that Magistrate Baughman's issuing the warrant himself would have been improper. That the magistrate he called, Mr. Thorn, was neutral in the matter was made clear the next day when Magistrate Thorn issued a warrant against Magistrate Baughman's daughter upon application of Mrs. Gills. Second, Mr. Gills was himself a deputy sheriff, working within the machinery of the criminal justice system. That position also gives power and demands a high ethical sense. Magistrate Baughman and Deputy Sheriff Gills were not so mismatched that one could easily take unfair advantage of the other.

When domestic unquiet appears from any quarter, emotions run high. In such circumstances, discretion and a cool head are certainly demanded by law and manners, but sadly they are rare enough that they also are to be applauded. Could Magistrate Baughman have been more circumspect, less hostile, in his dealings with his former son-in-law? Certainly he could, but we do not think his actions merit sanctions. We therefore accept the Judicial Hearing Board's recommendation that the charges against Magistrate Baughman be dismissed.

Complaint Dismissed.